**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
——————

No. 13-1538
——————

NOOR HAKIM,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
——————————————————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079-733-542)
Immigration Judge:  Honorable Steven A. Morley
——————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 14, 2014

Before:  RENDELL, GREENAWAY, JR. and ALDISERT, Circuit Judges

(Opinion filed:  May 15, 2014)
——————

O P I N I O N
——————

PER CURIAM

    Noor Hakim, a native and citizen of Pakistan, petitions for review of a final order

of removal entered by the Board of Immigration Appeals ("BIA"), which dismissed his

appeal of an Immigration Judge's ("IJ") decision denying his application for relief from removal. For the reasons that follow, we will deny the petition for review.

Hakim was admitted to the United States in 1998 and subsequently overstayed his visa. Removal proceedings began on that basis in 2003, wherein Hakim conceded being deportable as charged under 8 U.S.C. § 1227(a)(1)(B). He initially sought adjustment of status via an immigrant worker visa petition, and the proceedings were continued for about six years while his eligibility was adjudicated. Hakim withdrew his adjustment of status application after his visa petition was revoked. In 2009, he submitted an application for asylum and withholding of removal based on his fear that he would be kidnapped and tortured by the Taliban if he returned to Pakistan.

Hakim is from the Swat Valley and has a wife and four children who remain in Pakistan. He testified that his family had been targeted by the Taliban because he has lived in the United States for a long time and is believed to be a spy. He testified that two of his sons were beaten by the Taliban in late May 2009, and that one of them was possibly detained and tortured thereafter. He also generally asserted that his family had been threatened and assaulted many times and that the Taliban had demanded money from them. He testified that he did not know any details of the May 2009 incident, or of any of the other attacks, because his family did not want to worry him while he was in the United States. In addition to his presence in the United States, Hakim also believed that the Taliban punished his family because the Taliban is aware of the social work he did before he left Pakistan, as well as his eldest son's work for a group that provides aid to women.

2

After the May 2009 incident, Hakim's wife and children fled the Swat Valley. At the time of his hearing in 2011, Hakim testified that his wife and two of his children resided in Peshawar, one son lived in Islamabad, and the other in Karachi. Although the trouble with the Taliban occurred in the Swat Valley, Hakim testified that he would not be safe anywhere in Pakistan.[1]

The IJ denied relief, concluding that Hakim's testimony was generally credible, but insufficient by itself to establish his claim for relief because it was not detailed and suffered from inconsistencies. The IJ found the corroborative evidence offered by Hakim inadequate to bolster his testimony, and he was troubled by the lack of corroborative details for the May 2009 incident. The IJ also concluded that Hakim failed to demonstrate that his fear of persecution is objectively reasonable because he did not meet his burden of proving that internal relocation would be unreasonable.[2] The IJ noted that Hakim's family had been residing in other parts of Pakistan without interference from the Taliban for more than a year and that the corroborating evidence provided by Hakim specified that only the "local," or Swat Valley, Taliban had targeted him. Furthermore, The IJ concluded that Hakim had not shown that the Pakistani government was unable or unwilling to protect him, relying on a State Department report that indicated that the

---

[1] The BIA characterized Hakim's claim for asylum as being based on imputed political opinion and membership in a particular social group.

[2] Hakim made no claim of past persecution, so he had to otherwise establish a well-founded fear of future persecution to obtain asylum. See Yu v. Att'y Gen., 513 F.3d 346, 348 (3d Cir. 2008). The fear of persecution must be country-wide, see Abdille v. Ashcroft, 242 F.3d 477, 496 (3d Cir. 2001), unless the applicant can show that relocation to avoid persecution would be unreasonable. 8 C.F.R. § 1208.13(b)(3)(i).

government was actively fighting Taliban militants in the Swat Valley. The BIA dismissed Hakim's appeal, agreeing with the IJ's conclusions. In particular, the BIA agreed with the IJ's overall assessment of the evidence and noted that Hakim had not established that internal relocation was unreasonable. This petition for review followed.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). Where, as here, the BIA issues its own decision on the merits, we review that decision and consider the IJ's ruling "only insofar as the BIA deferred to it." Roye v. Att'y Gen., 693 F.3d 333, 339 (3d Cir. 2012). We review factual findings, such as the BIA's determination regarding Hakim's fear of future persecution, for substantial evidence. Yu, 513 F.3d at 348. This is a deferential standard, and the "BIA's determination will not be disturbed unless 'any reasonable adjudicator would be compelled to conclude to the contrary.'" Id. (quoting Dia v. Ashcroft, 353 F.3d 228, 249 (3d Cir. 2003)).

Hakim primarily challenges the BIA's and IJ's conclusions concerning the lack of corroborating evidence, arguing that the agency erred in its application of the procedural requirements for providing such evidence. It is well-established that it is reasonable to expect an applicant to corroborate facts that are central to his claim and easily verifiable. See Abdulai v. Ashcroft, 239 F.3d 542, 554 (3d Cir. 2001). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). In order to dismiss a claim based on insufficient corroboration, an IJ or the BIA must perform the following three-step inquiry articulated in Abdulai:

4

> (1) an identification of the facts for which it is reasonable to expect corroboration; (2) an inquiry as to whether the applicant has provided information corroborating the relevant facts; and, if he or she has not, (3) an analysis of whether the applicant has adequately explained his or her failure to do so.

Abdulai, 239 F.3d at 554 (quotation marks omitted). We will not reverse a fact-finder's determination on the availability of corroborating evidence unless we conclude "that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4)(D).

In this case, the IJ faulted Hakim for the lack of detail in his testimony, particularly regarding the beating of his sons. The IJ specifically noted that Hakim had no knowledge of the nature or extent of their injuries, even though the incident was the foundation for his claim for relief. Hakim offered no other evidence that provided the missing details. When questioned by the IJ about his lack of knowledge and evidence on this point, Hakim simply stated that he could not get the information from his family because they did not want to worry him. When the IJ asked if Hakim made his family aware of the importance of the immigration proceedings and the need for details, he stated that he had informed them, but they would not give him more information. The only other evidence that concerned the beating did not provide details, conflicted with Hakim's testimony, and appeared unreliable. For example, an affidavit from Hakim's brother states that the Taliban attacked the family in April 2009 and beat the women and children, but Hakim denied that there was any such attack. A police report regarding the beating contained inconsistencies regarding dates, including a signature from the complainant dated May 30, 2009 that conflicted with a handwritten attestation of May 14,

5

2009 (which would have been before the alleged beating). Under these circumstances, it was reasonable for the IJ to require corroboration regarding the beating because the incident was central to his claim. It was also reasonable to expect that Hakim could have obtained the information from his family, with whom he was in contact. Finally, it was reasonable for the IJ to conclude that Hakim's explanation for the lack of corroborating details was inadequate.

Although he asserts on appeal that he should not be held accountable for his family's refusal to provide more information, that rationale is not persuasive. The record shows that: (1) Hakim's attorney was well aware of the need to support the claim with specific details, Administrative Record ("A.R." at 230-34; 239-40); (2) the proceedings were continued several times to gather evidence from Pakistan; and (3) some evidence from the family was presented. This is not a case where the applicant was unable to contact family or obtain any evidence; instead the corroboration presented was simply inadequate. Furthermore, Hakim's assertion that his testimony was supported by country conditions evidence from State Department reports and other sources is off-point because general country conditions evidence is not a substitute for the specific details sought by the IJ regarding the central aspect of Hakim's claim. In sum, both the IJ and the BIA followed the three steps of the Abdulai test, and the record does not compel a conclusion contrary to the one they reached.[3]

---

[3] Hakim argues that the IJ failed to provide adequate notice in advance of his oral decision about the facts requiring corroboration, and that the IJ should have given him an opportunity to obtain additional evidence before the written decision was issued. Hakim did not raise these issues before the BIA. Therefore, they are not exhausted and we lack

Hakim also contends that the BIA denied him due process by failing to address issues on appeal. We review this constitutional claim de novo. McAllister v. Att'y Gen., 444 F.3d 178, 185 (3d Cir. 2006). The only due process right implicated in this argument is the right to an individualized determination of a party's interests, which, in the context of BIA review, includes actual consideration of arguments presented by the party. Abdulai, 239 F.3d at 549-50. In this case, however, the allegations are baseless. Hakim claims that the BIA did not address his argument that the IJ "misapprehended the full weight of the evidence," but the BIA's decision expressly stated that "[d]espite the respondent's appellate assertions, the record shows that the [IJ] considered the totality of the evidence even if not expressly discussed in his decision." A.R. at 4. The same is true for the claim that the BIA ignored the issue of the Pakistani government's ability or willingness to control the Taliban, which was discussed by the BIA. See A.R. at 5. The BIA also explicitly disposed of Hakim's withholding of removal claim: "[s]ince the respondent did not meet his burden of proof for asylum, it follows that he cannot satisfy the more stringent standard required for withholding of removal." A.R. at 6. To the extent that Hakim is trying to challenge the adequacy of the BIA's decision on these issues, we note that the BIA is not required to "write an exegesis on every contention." Filja v. Gonzales, 447 F.3d 241, 256 (3d Cir. 2006) (quoting Mansour v. INS, 230 F.3d

_____

jurisdiction to consider them. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). We note, however, that even if the issues could be deemed to be exhausted and have some merit, remand would not be warranted because inadequate corroboration was not the only basis upon which relief was denied. The BIA also affirmed the IJ's determination that Hakim had not shown that internal relocation would be unreasonable. He has not raised any argument here regarding this issue, so we deem it waived. See Lie v. Ashcroft, 396 F.3d 530, 532 n.1 (3d Cir. 2005).

902, 908 (7th Cir. 2000)). Instead, what is required is consideration of the issues raised in terms sufficient to enable us to perceive that the BIA has "has heard and thought and not merely reacted." Id. We are satisfied that the BIA's decision in this case meets that standard.

For these reasons, we will deny the petition for review.